IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CV-98-BO

| KIMBERLY SHREVE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER WOLFE (2612), | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default and motions for default judgment and defendant's motion to dismiss for lack of jurisdiction. For the following reasons, plaintiff's motions are denied and defendant's motion is granted.

BACKGROUND

On January 17, 2003, defendant Officer Wolfe, an officer with the City of Raleigh police, allegedly charged plaintiff with mental commitment and took her to Wake County jail. Plaintiff brought claims against defendant in this Court, and United States District Judge Louise W. Flanagan dismissed her claims as time-barred. On February 26, 2021, plaintiff filed the instant lawsuit asserting claims against defendant for false arrest under 42 U.S.C. § 1983 and perjury under 18 U.S.C. § 1621. On May 19, 2021, plaintiff filed a motion for default judgment, to which defendant responded in opposition. Defendant moved to dismiss the case on June 4, 2021. Plaintiff has subsequently filed a motion for entry of default and two additional motions for default judgment.

## DISCUSSION

*Motions for Entry of Default and Default Judgment*

Plaintiff has filed one motion for entry of default and three motions for default judgment. Because default judgment may not be considered prior to the entry of default, the Court construes plaintiff's *pro se* motions for default judgment as motions requesting entry of default pursuant to Fed. R. Civ. P. 55(a). An entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). However, "effective service of process on a defendant must be accomplished as a prerequisite for entry of default against that defendant." *Henderson v. L.A. Cty.*, No. 5:13-CV-635-FL, 2013 U.S. Dist. LEXIS 170928, at *2–3 (E.D.N.C. Dec. 3, 2013). Unless service is waived, the server must provide proof of service by affidavit. Fed. R. Civ. P. 4(1)(1); *see also* N.C. Gen. Stat. § 1A-1, Rule 4(j2)(2) ("Before judgment by default may be had on service by registered or certified mail . . . the serving party shall file an affidavit with the court showing proof of such service."). Such an affidavit, filed along with the return receipt, "raises a presumption that the person who received the mail or delivery and signed the receipt was an agent of the addressee authorized by appointment or by law to be served or to accept service of process." *Id.* This presumption of valid service may be rebutted "with' affidavits of more than one person showing unequivocally that proper service was not made upon the person of the defendant.'" *Godfrey v. Long*, No. 5:10-CT-3105-BO, 2012 U.S. Dist. LEXIS 2671, at *14 (E.D.N.C. Jan. 9, 2012), *aff'd*, 472 F. App'x 174 (4th Cir. 2012) (quoting *Grimsley v. Nelson*, 342 N.C. 542, 545 (1996)).

2

Here, plaintiff's court filings fail to raise a presumption of valid service. Plaintiff has not filed an affidavit or declaration under penalty of perjury showing that she served defendant as required. Instead, plaintiff relies only on unsworn statements that defendant was served with process. She has also failed to comply with the requirement that a signed receipt or other documentation be filed indicating that a summons and complaint were delivered to defendant or an agent of defendant authorized to receive process. N.C. Gen. Stat. §§ 1-75.10(a)(4)(b)–(c). Therefore, the Court finds that it is appropriate to deny plaintiff's motions based on her failure to present any evidence that defendant has been properly served.

Even assuming plaintiff's court filings did raise a presumption of valid service, the declarations of defendant and Officer Morrow rebut this presumption. As discussed below, these declarations establish that defendant has not been properly served, and plaintiff has presented no evidence that would rebut defendant's affidavit. *See Kirby v. North Carolina*, No. 5:20-CV-344-BO, 2021 U.S. Dist. LEXIS 7939, at *4 (E.D.N.C. Jan. 15, 2021) (denying plaintiff's motion for entry of default against defendant because plaintiff "failed to come forward with any evidence which would rebut defendant's affidavit and establish that service had been properly effected."). Therefore, the motions must also be dismissed because defendant has rebutted the presumption of service.

*Motion to Dismiss*

1. Lack of Personal Jurisdiction, Insufficient Process, and Insufficient Service of Process

Defendant has first moved to dismiss this action in its entirety with prejudice pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, Rule 12(b)(4) for insufficient process, and Rule 12(b)(5) for insufficient service of process. For the Court to acquire jurisdiction over a party, service must comply with North Carolina's statutes

3

and Rules of Civil Procedure. *Patton v. Vogel*, 833 S.E.2d 198, 201 (N.C. App. 2019). "A plaintiff has the burden to show that she effected service of process properly and that the court has personal jurisdiction over all defendants." *Saimplice v. Ocwen Loan Servicing Inc.*, 368 F. Supp. 3d 858, 865 (E.D.N.C. 2019). Process consists of a summons and a copy of the complaint, Fed. R. Civ. P. 4(c)(1); N.C. Gen. Stat. § 1A-1, Rule 4(j)(1)(c), and "[s]ervice of a partial complaint is insufficient," *Cherry v. Spence*, 249 F.R.D. 226, 229 (E.D.N.C. 2008). Process must be served within ninety days after the complaint is filed in the Court. Fed. R. Civ. P. 4(m). A defendant knowing about a lawsuit, or moving to dismiss it, does not mean a plaintiff effected proper service or excuse plaintiff of complying with the service requirement. *Pitts v. O'Geary*, 914 F. Supp. 2d 729, 734 (E.D.N.C. 2012).

When a plaintiff has brought claims against defendant in both his individual and official capacities, he must serve him in both capacities. *See Richardson v. Roberts*, 355 F. Supp. 3d 367, 370 (E.D.N.C. 2019). A suit against a government employee in his official capacity is, ostensibly, an additional attempt to assert a claim against his employer. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc.Servs.*, 436 U.S. 658, 690 n.55). Service against a defendant in his official capacity is, "in all respects other than name, to be treated as a suit against the entity," and the government entity must receive notice and an opportunity to respond. *Williams v. Guilford Tech. Cmty. Coll. Bd. of Trs.*, 117 F. Supp. 3d 708, 715 (M.D.N.C. 2015) (quoting *Graham*, 473 U.S. at 167 (1985)); *see also Burke v. Hill*, No. 2:17-CV-1-FL, 2017 U.S. Dist. LEXIS 180041, at *9 (E.D.N.C. 2017). Service upon a municipality is governed by Rule 4(j)(2) of the Federal Rules of Civil Procedure, which provides that service may be effected by "delivering a copy of the

summons and of the complaint to its chief executive officer" or by serving the summons and complaint "in the manner prescribed by that state's law for serving a summons or like process on such a defendant."

Service against a defendant in his individual capacity may be made by following state law, delivering a copy of the summons and complaint to the individual personally, leaving a copy at the individual's usual place of abode with a resident of suitable age and discretion, or delivering a copy to an agent authorized to receive process. Fed. R. Civ. P. 4(e). The North Carolina Rules of Civil Procedure allow service upon an individual through one of the following ways:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.
> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C.G.S. § 1A-1, Rule 4(j)(1). "Service of process cannot be effected upon Defendant by serving at his place of employment individuals who are not authorized to accept service of process." *Watson v. Jiffy Lube Lube Core*, No. 5:10-CV-00572-F, 2011 U.S. Dist. LEXIS 63468, at *5 (E.D.N.C. June 15, 2011) (quoting *Elkins v. Broome*, 213 F.R.D. 273, 276 (M.D.N.C. 2003)).

5

Here, to the extent that plaintiff's claims could be construed as claims against defendant in his official capacity as a City of Raleigh police officer, plaintiff is required to serve process on defendant in both his individual and official capacities. The declarations of defendant and Officer Morrow establish that an envelope was delivered to the Raleigh Police Department (RPD) headquarters building via certified mail on March 2, 2021. Senior Officer Morrow received the envelope and signed the return receipt for it. However, defendant never authorized or designated Officer Morrow to accept service of process on his behalf, either personally or in his official capacity. Defendant does not even work at the RPD headquarters building. Therefore, defendant has not been validly served in his individual capacity. Nor has he been served in his official capacity, as neither defendant not Officer Morrow is the municipality's chief executive officer, mayor, manager, or clerk. Furthermore, the envelope received by Officer Morrow included only the first three pages of the complaint filed against defendant. This service is thus insufficient. *Cherry*, 249 F.R.D. at 228 (dismissing *pro se* plaintiff's § 1983 claims against law enforcement officers for insufficient process where plaintiff faxed a single page of complaint to police department without any summons).

In her response, plaintiff claims that defendant was served by the Wake County Sheriff on June 21, 2021. Plaintiff has attached a North Carolina state court civil summons issued by the Wake County Deputy Clerk of Superior Court on June 21, 2021, and a receipt from the Wake County Sheriff's Office showing payment for a service-processing fee. At best, these documents show that the Wake County Clerk of Court issued a summons and that plaintiff paid the fee required for the Wake County Sheriff to make service. These documents do not show that plaintiff was actually served with a copy of the summons and complaint. Even if defendant was properly served on June 21, 2021, this service would be untimely. Plaintiff filed this action on February 26,

2021, and she had ninety days from the filing of the complaint, or until May 27, 2021, to effect complete and proper service of process on defendant. Plaintiff has offered no reasons or justification for her failure to make timely service, and her pro se status alone is not a valid justification for failing to timely serve defendant. *Hansan v. Fairfax Cty. Sch. Bd.*, 405 F. App'x 793, 794 (4th Cir. 2010) ("Pro se status, however, is insufficient to establish good cause, even where the pro se plaintiff mistakenly believes that service was made properly.").

Therefore, plaintiff's complaint must be dismissed for failure to serve defendant with process because plaintiff has failed to make timely service on defendant. Even if the Court were to grant plaintiff an extension of time to effectuate service of process, this extension of time would be futile. As discussed below, plaintiff's complaint is still subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2. Failure to State a Claim

Defendant has also moved to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's

7

claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant moves to dismiss this case because res judicata bars this action in its entirety. Res judicata is analyzed under the Rule 12(b)(6) standard. *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006). The doctrine of res judicata provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). For res judicata to apply, there must be: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). In examining the second element, the first suit will have preclusive effect on the second suit as long as the two suits "arise out of the same transaction or series of transactions or the same core of operative facts." *Id.* at 355 (quoting *In re Varat Enters., Inc.*, 81 F. 3d 1310, 1316 (4th Cir. 1996)).

Here, the Court finds that all three elements of res judicata are satisfied. First, there was a final judgment on the merits in plaintiff's prior action against Officer Wolfe. In that case, Judge Flanagan dismissed plaintiff's false arrest claims against defendant pursuant to Rule 12(b)(6) on statute of limitations grounds. *Shreve v. Limpert, et al.*, No. 5:19-CV-78-FL, 2019 U.S. Dist. LEXIS 198327, at *10 (E.D.N.C. Nov. 15, 2019). This prior dismissal is a judgment on the merits

for the purposes of res judicata. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'") (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678 (1946)). Second, both the previous case and the present case arise out of plaintiff's alleged mental commitment on January 17, 2003. In both cases, plaintiff has alleged that defendant falsely arrested her. Thus, these cases arise out of the same set of operative facts. Third, both plaintiff and the defendant in the present case were parties to the prior action. Plaintiff's complaint that she did not receive a favorable result in her previous lawsuit does not impact the applicability of res judicata here. The Court determines that res judicata applies and that the case must be dismissed.

Defendant also argues that plaintiff has failed to state a claim upon which relief can be granted as to the false arrest claim. To state a claim for false arrest under 42 U.S.C. § 1983 against an officer in his individual capacity, plaintiff must allege that the arresting officer lacked probable cause. *Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974). To state a claim for false arrest against a municipality pursuant to § 1983, plaintiff must assert that "action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The statute of limitations applicable to a § 1983 claim is the state-law statute of limitation for personal-injury actions. *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379, 388 (4th Cir. 2014). In North Carolina, the statute of limitations for personal injury actions is three years. N.C. Gen. Stat. § 1-52(5). The statute of limitations for a claim for false arrest begin to run on the date of the arrest. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996).

Here, plaintiff's claims arise out of plaintiff's alleged mental commitment. However, she never alleges that defendant lacked probable cause to charge her with mental commitment. She

9

merely questions his selection of charges, which is immaterial to the issue of probable cause. Plaintiff also fails to allege that the purported violation of her constitutional rights was caused by any official custom or policy of the City of Raleigh. Even if plaintiff had adequately stated a claim for false arrest against defendant in either his individual or official capacity, this claim would still be time-barred. The alleged mental commitment occurred on January 17, 2003, which is well outside the three-year limitations period. Therefore, the Court grants defendant's motion to dismiss the false arrest claim.

Finally, defendant moves to dismiss plaintiff's remaining claims, which he argues fail as a matter of law. The Court agrees. First, plaintiff alleges that defendant perjured himself in violation of 18 U.S.C. § 1621. Plaintiff, as a private citizen, cannot sue to enforce this statute, which is criminal in nature. *Shreve v. Jones*, 2020 U.S. Dist. LEXIS 10391, at *9 (E.D.N.C. Jan. 22, 2020); *Linda R. S. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Second, plaintiff makes a claim for actual damages under the federal Privacy Act, 5 U.S.C. § 552a. However, the enforcement provision of the Privacy Act, which provides for a private cause of action, applies only to federal agencies, not local governments or its officers. 5 U.S.C. § 552a(g)(1); *Haywood v. Owens*, No. 8:19-cv-01025-JFA-JDA, 2019 U.S. Dist. LEXIS 90676, at *6 (D.S.C. Apr. 23, 2019). Finally, plaintiff makes a claim for damages under the federal Copyright Act, 17 U.S.C. § 504(c). Plaintiff has not pled the necessary elements for a copyright claim. *Copeland v. Bieber*, 789 F.3d 484, 488 (4th Cir. 2015) ("To establish a claim for copyright infringement . . . a plaintiff must prove that it possesses a valid copyright and that the defendant copied elements of its work that are original and protectable."). Therefore, these claims must all be dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motions for default judgment [DE 7, 13, 18] and plaintiff's motion for entry of default judgment [DE 12] are DENIED. Defendant's motion to dismiss [DE 9] is GRANTED. This action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __26__ day of August, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE